**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SHREYA KAPOOR, YASH PAL GARG, and REVA GARG,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONY BLINKEN,<br><br>Defendant. | Case No. 21-cv-01961-BLF<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER**<br><br>[Re: ECF 13] |

Plaintiff Shreya Kapoor and her parents, Plaintiffs Yash and Reva Garg, seek to compel Defendant Antony Blinken to adjudicate the immigrant visa applications of Plaintiffs Yash and Reva Garg. *See* Petition, ECF 1. They filed the present action on March 19, 2021, and Defendant timely answered on May 25, 2021. *See id*; Answer, ECF 12.

Plaintiffs move to strike Defendant's answer pursuant to Federal Rule of Civil Procedure 12(f). *See* Mot. to Strike, ECF 13. Defendant filed opposition to the motion on June 29, 2021. *See* Opp., ECF 15. Plaintiffs did not file a reply and the time to do so has elapsed. *See* Civ. L.R. 7-3(c). The Court has vacated the hearing on Plaintiffs' motion and taken the matter under submission without oral argument. *See* Order Vacating Hearing, ECF 16.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may act on its own or on motion by a party. *See id.* "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Philpot v. Baltimore Post-Exam'r*, No. 3:20-CV-00872-H-MSB, 2020 WL 6449199, at *1 (S.D. Cal. Nov. 3, 2020) (quotation marks and citation omitted). "In

reviewing a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party." *Id*.

Plaintiffs move to strike Defendant's answer in its entirety. The answer is twenty pages in length; responds to each of the 135 numbered paragraphs in the complaint, as well as the complaint's unnumbered first paragraph and the prayer; and asserts two affirmative defenses, failure to state a claim and lack of subject matter jurisdiction. *See* Answer, ECF 12. Plaintiffs neither contend that the defenses alleged in the answer are "insufficient," nor identify any material in the answer that is "redundant, immaterial, impertinent, or scandalous." Accordingly, Plaintiffs have failed to demonstrate any of the grounds for relief enumerated in Rule 12(f).

Plaintiffs instead challenge the veracity of Defendant's denials of certain allegations in the complaint, arguing that Defendant either knows that the allegations of the complaint are true or easily could have confirmed their truth. Mot. at 3, ECF 13. Plaintiffs assert that "this Court should strike Defendants' answers and deem admitted the allegations that comprise facts where Defendants deny allegations that have that could have easily been confirmed if Defendants exerted a minimal effort." *Id*. at 5. Plaintiffs also contend that the Court should deem admitted facts "actually in the possession of Defendants." *Id*.

Plaintiffs misapprehend the scope and purpose of Rule 12(f). The rule does not grant the Court authority to resolve a factual challenge to allegations set forth in an answer, nor does the rule permit the Court to deem particular facts admitted. The purpose of the rule is to allow a court to strike from a pleading matter that "clearly could have no possible bearing on the subject of the litigation." *Fodera v. Equinox Holdings, Inc.*, No. 19-CV-05072-WHO, 2021 WL 23294, at *2 (N.D. Cal. Jan. 4, 2021) (quotation marks and citation omitted). Plaintiffs have not identified any material in the answer that is extraneous to the subject matter of this litigation.

Plaintiffs' motion to strike the answer is DENIED.

Dated: July 13, 2021

BETH LABSON FREEMAN
United States District Judge